Vernon E. DUERER, Appellant,

v.

G. B. MUELLER, INC., Appellee.

No. 12184.

Court of Civil Appeals of Texas, Austin.

Nov. 20, 1974.

William E. Hornbuckle, III, Davis, Davis, Hornbuckle & Durham, Huntsville, for appellant.

Allan I. Schneider, Giddings, for appellee.

SHANNON, Justice.

Appellant, Vernon E. Duerer, sued appellee, G. B. Mueller, Inc., in the district court of Fayette County for $17,000.00 for damages allegedly arising when he slipped and fell in appellee's greenhouse. Upon trial to a jury, a take-nothing judgment was entered. We will affirm that judgment.

Appellant's trial pleading was his first amended original petition. In that pleading appellant alleged that on the occasion in question he was in appellee's greenhouse as an invitee to purchase some plants, and that while on the premises he slipped and fell on the slick floor. Appellant alleged, among other things, that appellee was negligent in maintaining its greenhouse floors in a wet and dangerous condition, in failing to prevent rainwater from coming into the greenhouse, in failing to warn by signs of the condition of the floor, in failing to provide appellant a handrail or a floor mat, and in failing to warn appellant of the dangerous condition of the floor. Appellee pleaded "no duty," assumption of risk, and contributory negligence.

The liability aspect of the case was submitted to the jury by nine special issues largely in the manner suggested by Adam Dante Corporation v. Sharpe, 483 S.W.2d 452 (Tex.1972). An examination of the answers to those special issues shows that the jury failed to find that appellee created or maintained a dangerous condition, " . . . To-wit [sic]: algae on the greenhouse floor . . .," and also failed to find that appellee knew or should have known of that condition. With respect to the other issues the jury failed to find that appellee was negligent in failing to keep the greenhouse floor free of algae. In answering special issues five and six the jury *did* find that appellee was negli-

gent in failing to warn appellant of the "existence of the dangerous condition, if any, on the occasion in question," and that such failure was a proximate cause of appellant's fall. Special issues five and six were not conditioned upon affirmative answers to the first two "no-duty" issues. With respect to appellant's contributory negligence, the jury answered that appellant failed to keep a proper lookout, and that such failure was a proximate cause. The jury refused to find that appellant assumed the risk.

■ An analysis of the answers to those special issues shows that appellant failed in his burden to prove the existence of a legal duty owed to him by appellee. Specifically, appellant failed to obtain prerequisite findings that appellee created or maintained a dangerous condition and that appellee knew or should have known of that condition. Absent those affirmative findings, the answers of the jury that appellee was negligent in failing to warn appellant of the "existence of the dangerous condition" and that such failure was a proximate cause are of no legal significance, and may not form the basis for a judgment for appellant. Adam Dante Corporation v. Sharpe, *supra.*

■ Appellant's point of error five complains that the court erred in overruling his motion for judgment.[1] An examination of that motion discloses that appellant moved the court to disregard the answers of the jury to the "no-duty" issues for the reason that G. B. Mueller, appellee's manager, admitted that at the time of appellant's fall there was algae on the floor and that he knew of its presence. Though not well stated in his motion to disregard, appellant's complaint must, of necessity, be that the evidence established conclusively

1. Admittedly, appellant's fifth point of error does not comply with Texas Rules of Civil Procedure, rule 418 as it does not inform this Court of the question raised and discussed in the brief. The Courts of Civil Appeals will, nevertheless, examine the brief to determine the appellant's complaint. Bright v. State Department of Public Welfare, 481 S.W.2d 456 (Tex.Civ.App.1972, writ ref'd n. r. e.), Daniels v. Shop Rite Foods, Inc., 502 S.W.2d 894 (Tex.Civ.App.1973, writ ref'd n. r. e.).

that appellee had created or maintained a dangerous condition by permitting algae to remain on the greenhouse floor and that appellee knew of the dangerous condition. University of Texas: Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Texas L.Rev. 361, 364 (1960).

■ We cannot agree that the evidence *conclusively* showed that appellee created or maintained a dangerous condition and that appellee knew or should have known of that condition. The testimony established that the flooring of the greenhouse was of a concrete material, that at the time of appellant's fall it was damp and wet, and that there was some algae present. Appellee's manager and principal stockholder, Mueller, testified that the greenhouse floor was cleaned daily with Ajax and dry chlorine to remove excess algae. He also testified that most greenhouse plants of necessity require frequent watering, and that some of that water will pass through the potted plants onto the floor. One of the purposes of a greenhouse is to create a warm and damp place in which delicate plants may flourish. Those same conditions create and encourage the growth of algae. Mueller inspected the spot on the greenhouse floor where appellant slipped. Though Mueller stated that there was algae present on that place, he also testified that there was not sufficient algae "to slip on." Mueller testified as well that his inspection of the location of the fall indicated that the algae was not present in sufficient quantities so as to have required that it be removed.

The judgment may be affirmed upon yet another basis, that being the contributory negligence of appellant.[2] As noted above,

the jury answered that appellant failed to keep a proper lookout and that such failure was a proximate cause of his fall. Appellant attacks those answers by four points of error stating that those answers were supported by no evidence, or alternatively, by insufficient evidence.

■ Contrary to appellant's assertions, there was some evidence to support the jury's answers to the contributory negligence issues, and those answers are not contrary to the great weight and preponderance of the evidence. Appellant was well acquainted with greenhouses. He had a greenhouse in his hometown, Huntsville. He testified that he was able to control the growth of algae in his greenhouse and to control the problem of water standing on the floor because his structure had a gravel floor instead of a concrete one. Appellant was acquainted with appellee's greenhouse as he had purchased merchandise from appellee on occasion over the years. With respect to his lookout, appellant testified that there was nothing to obstruct his view of the floor, and that there was enough light for him to see the floor clearly. He looked at the floor before he stepped. The floor in the greenhouse appeared to him to be the same as the floor in the other portion of appellee's premises except that it was darker. When he went into the greenhouse, appellant knew that it was wet and damp. Under these circumstances, the jury could well have concluded that appellant should have foreseen that the floor might be slippery and that appellant failed to keep a proper lookout for such condition, and that such was a proximate cause of his fall.

The judgment is affirmed.

2. Appellant's cause of action arose on October 2, 1971. Vernon's Tex.Rev.Civ.Stat.Ann. art. 2212a § 1, commonly called the Comparative Negligence Statute, became effective on September 1, 1973.