Robert **RUTHERFORD** et al., Appellants,

v.

Charles H. **CLARK**, Appellee.

No. 991.

Court of Civil Appeals of Texas, Tyler.

Feb. 10, 1977.

Lowell C. Holt, Gilmer, for appellants.

F. R. Files, Jr., Loftis, Rowan, Files, Clayton, Bain & Clark, Tyler, for appellee.

MOORE, Justice.

This is a suit for attorney's fees. Plaintiff, Charles Clark, Esq., instituted this action in the nature of a sworn account against defendants, Robert Rutherford, Hugh Rutherford and Julius Rutherford, alleging that he had provided certain legal services to them at their request and, therefore, they became bound to pay him the reasonable value of such services. Plaintiff further alleged that although he had often requested payment, defendants had not paid the same or any part thereof, thereby damaging the plaintiff in the amount of $4,963.62. Defendants denied the account under oath. Trial was before the court, sitting without a jury. Several months after conclusion of the evidence, judgment was entered in favor of the plaintiff for the sum of $4,963.62, from which defendants perfected this appeal. The record is before us by way of a statement of facts, no findings of fact or conclusions of law having been requested or filed.

We affirm.

The record reveals that defendants were part owners of a financially troubled corporation known as Epoxy Chemical Corporation ("Epoxy"). Michael Rutherford, a brother of the defendants, was president of Epoxy. Clark testified that a portion of his work for the defendants consisted of examining the title to some land on which the defendants resided. Such title examination

was necessary to use the land as security for a personal loan which the defendants sought to obtain and use to assist Epoxy. Clark testified that he was employed to do the title work by L. E. Lacy, whom the defendants had designated to aid them in obtaining the loan, and, therefore, the work was done pursuant to a letter contract with the defendants through their agent, Lacy.

The record shows that the other portion of the legal work performed by Clark for the defendants consisted of an appearance on their behalf before the Texas Railroad Commission pursuant to a matter unrelated to Epoxy or the loan. Clark further testified that all of the work performed by him was done at the special request of the defendants individually or through their agents. It is undisputed that neither Michael Rutherford nor Epoxy was a party to any contract with Clark.

■ Defendants do not challenge the judgment on the ground that there was no evidence or insufficient evidence to show that the legal work was not performed or that the fees charged therefor were not reasonable. Under their first point of error defendants seek a reversal on the ground that Epoxy and its president Michael Rutherford were necessary parties to the suit and that the failure to join them renders the judgment fundamentally defective and void. We do not agree.

Rule 39, Texas Rules of Civil Procedure, reads in part:

"(a) Persons to be Joined if Feasible. A person . . . shall be joined as a party . . . if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. . . ."

In the case of *Cooper v. Texas Gulf Industries, Inc.*, 513 S.W.2d 200, 204 (Tex. 1974), the Supreme Court interpreted Rule 39 as follows:

"The . . . rule includes practical considerations within the rule itself, including the extent to which an absent party may be prejudiced, the extent to which protective provisions may be made in the judgment, and whether in equity and good conscience the action should proceed or be dismissed. The factors mentioned in the rule which a judge may consider are not exclusive. . . .

". . . Subdivision (a) provides that certain persons 'shall be joined,' but there is no arbitrary standard or precise formula for determining whether a particular person falls within its provisions. It is clear, moreover, that the persons described in the subdivision are to be joined only if subject to service of process. When such a person cannot be made a party, the court is required to determine 'whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed.' "

There is nothing in the record to show that either Epoxy or Michael Rutherford had a direct interest in the object and subject matter of this suit or that their interests would be necessarily affected by any judgment rendered in this suit. Furthermore, there is nothing in the record to indicate that a judgment or decree cannot be had without either affecting the interests of Epoxy or Michael Rutherford or without leaving the controversy between the parties to the suit in such a condition that the suit's final adjudication would be wholly inconsistent with equity and good conscience. Michael Rutherford and Epoxy were no doubt concerned about the contract with Clark because his legal work in helping to secure the loan would benefit Epoxy and indirectly benefit Michael Rutherford as a stockholder, but they were not parties to the contract. Clark had no cause of action against them and their presence in the suit was not essential to the determina-

tion of the respective rights of the defendants and plaintiff. It follows that their non-joinder does not present fundamental error. The defendants' first point is overruled.

Under their second point of error the defendants contend that the trial court erred in entering judgment against them because prior to judgment Clark executed and filed for record a release of his attachment lien reciting that the $4,963.62 due and owing Clark had been paid in full. We find the point to be without merit.

The record reveals that shortly after filing suit, Clark caused a writ of attachment to issue against certain lands in which defendants held an interest. On July 30, 1974, Clark executed a release of the lien in which it was recited that the release was executed "for and in consideration of the full and final payment of Four Thousand Nine Hundred Sixty-three and 62/100 ($4,963.62) Dollars, the receipt of which is hereby acknowledged . . . ." Trial was held on December 8, 1974. Eight months later, but before judgment was entered, the trial court, upon Clark's request, entered an order dissolving the writ of attachment. Attached to the order was a copy of the release which contained the recitation of payment. Thus, the instrument in question was made a part of the transcript and is before us only by way of the transcript.

Nowhere in their pleading did defendants plead release or payment as an affirmative defense as required by Rule 94, Texas Rules of Civil Procedure. They, therefore, assert the defense of release and payment for the first time on this appeal. Furthermore, there is nothing in the statement of facts to suggest that the debt was paid or that the instrument releasing the attachment lien was offered as an exhibit in the trial of the cause. In addition, the defendants say in their brief that they did not know that such an instrument even existed until long after the judgment had been entered. Nowhere in their brief do defendants contend that the debt has in fact been paid yet, on the basis of such instrument they would have this court reverse and render judgment in their favor.

It is a well settled rule of appellate procedure that a case will not be reviewed by an appellate court on a different theory from that on which it was tried in the court below. *Safety Casualty Co. v. Wright*, 138 Tex. 492, 160 S.W.2d 238 (1942); *American Mut. Liab. Ins. Co. v. Parker*, 144 Tex. 453, 191 S.W.2d 844 (1945); *Johnson v. Faulk*, 470 S.W.2d 144 (Tex.Civ.App.-Tyler 1971, no writ); *Reisenberg v. Hankins*, 258 S.W. 904 (Tex.Civ.App.-Amarillo 1924, writ dism'd). Moreover, it is well settled that the affirmative defense of payment may not be raised for the first time on appeal. *Copeland Well Service, Inc. v. Shell Oil Co.*, 528 S.W.2d 317, 321 (Tex.Civ.App.-Tyler 1975, no writ); *City of Coleman v. Kenley*, 168 S.W.2d 926, 934 (Tex.Civ.App.-Eastland 1943, writ ref'd); *See, T.I.M.E., Inc. v. Maryland Cas. Co.*, 157 Tex. 121, 300 S.W.2d 68 (1957).

It is evident that payment was not asserted by defendants as a defense and the cause was not tried on that theory and, therefore, it may not be raised for the first time on this appeal. The second point of error is overruled.

The judgment of the trial court is affirmed.