Lois Ann FAULKNER, Appellant,

v.

Bobby Gerald FAULKNER, Appellee.

No. 19947.

Court of Civil Appeals of Texas,
Dallas.

May 31, 1979.

Robert C. Cox, James Albert Jennings,
Erhard, Cox & Ruebel, Dallas, for appellant.

Brian A. Eberstein, Dallas, for appellee.

Before GUITTARD, C. J., and STOREY
and HUMPHREYS, JJ.

GUITTARD, Chief Justice.

Both parties to this divorce suit appeal
from a decree dividing the community property
and awarding the wife a "judgment
lien" on certain corporate stock given to the
husband by his parents. The court found
that the stock was enhanced in value by the
couple's personal services and by the lending
of their credit to the corporation. The
wife contends that the court should have
awarded her an ownership interest in the
corporation. The husband contends that
there is no evidence to support the finding
of enhancement or to justify imposition of
the "judgment lien." We agree with the
husband that there is no basis in the evidence
for the finding of any community
interest in the corporation or its stock or for
any finding of enhancement of the stock.
Accordingly, we reverse and remand for a
new trial of the property issues.

The parties were married approximately
twenty years. Their only possessions were
a home subject to a large mortgage, household
goods, automobiles, life insurance, and
2,170 shares of stock in Dallas Truck Plaza,
Inc. Both were employed by that corporation,
and the husband was a participant in

the corporation's profit-sharing plan. The stock was originally owned by the husband's parents, and was transferred to the husband as a gift on April 1, 1976.

The corporation was organized by the husband's father. In 1971, the father proposed that the corporation go into the truck repair and servicing business on a tract of land he owned. To obtain funds for construction costs a loan was sought from Skelly Oil Company, which agreed to lend the corporation $275,000 on condition that a promissory note be signed by the father, the mother, the three sons, and their wives. Accordingly, on May 25, 1971, a note in that amount was executed on behalf of Dallas Truck Plaza, Inc. and was signed individually by the father and mother, the three sons, and their wives.

The proceeds of the loan were used to build the truck stop. The present parties went to work as employees, the wife as a waitress and the husband as mechanic and shop manager. The husband served also as general manager in his father's absence. Both husband and wife were compensated for their services by salaries paid by the corporation. The business prospered and its stock increased in value. The corporation paid the installments on the note to Skelly as they fell due. None of the individual signers of the note have ever been required to make a payment.

None of the stock in the corporation was issued to either of the present parties until April 1, 1976, when the husband's parents transferred the 2,170 shares in question to him. This was one-eighth of the total shares outstanding. Similar gifts were made at the same time to the other two sons, and all these gifts were listed in a federal gift tax return filed by the parents.

### The Wife's Appeal

█ The only point urged by the wife for reversal of the decree is the court's failure to find that she and her husband had a twenty-five percent community interest in Dallas Truck Plaza, Inc. by virtue of the tender of their community credit for the construction of Dallas Truck Plaza and

their guaranty of its financial obligation. In support of this contention, she cites *Broussard v. Tian*, 156 Tex. 371, 295 S.W.2d 405 (1956) and *Gleich v. Bongio*, 128 Tex. 606, 99 S.W.2d 881 (1937). Those cases stand for the rule that property *acquired* by either spouse on the credit of the community is community property. The obvious distinction is that in this case neither the husband nor the wife acquired any property interest in the stock of the corporation or in its assets by signing the corporation's note. That note was secured by the land, which had been owned by the husband's father, and by the truck stop and other facilities built on it. There is no evidence of any conveyance to the husband of any interest in that property or of any agreement that he should have such an interest. Neither is there any evidence that the husband acquired any property interest in the corporation until five years later, when his parents made him a gift of 2,170 shares of stock and made similar gifts to his two brothers. Counsel has cited no authority to support the view that a married couple can obtain a community interest in an incorporated enterprise by co-signing the corporation's note, and we know of none that would even remotely tend to support such a view. Consequently, we hold that the trial court was correct in its finding that the parties did not have a twenty-five percent community interest in the Dallas Truck Plaza, Inc.

### The Husband's Appeal

The divorce decree recites findings that the community estate of the parties, through tendering its credit on the $275,000 note and the work efforts of both parties, has contributed a community interest in 2,170 shares of stock of Dallas Truck Plaza, Inc. It further recites that there has been an increase in value of the 2,170 shares attributable in part to the community by reason of both parties' efforts. The decree recites, however, that the part of the increase so attributable is not precisely ascertainable, and, consequently, that the entire amount of the increase is community in character by reason of commingling. To

determine what portion of the 2,170 shares is community property, the court found the value per share to have been $11.97 on April 1, 1976, and $14.44 on July 31, 1978, making a "community increase" per share of $2.47. Multiplying this figure by the 2,170 shares resulted in a total "community increase" of $5,359.90, of which the one-half interest of each spouse was $2,679.95. However, the judge did not award this figure to the wife as her community interest. Instead, unaccountably, he awarded her $17,750 as her share of the enhancement. To do this he devised a formula based in part on figures for the total value of the stock in the corporation and the gross sales of the corporation. He then awarded the stock to the husband as his separate property, but impressed that stock with a "judgment lien" of $17,750, to be paid to the wife at the rate of $300 per month.

■ The husband contends that the undisputed evidence shows that the 2,170 shares were wholly his separate property by virtue of the gift to him by his parents on April 1, 1976, and that there is no evidence of any subsequent enhancement in its value as a result of the earlier lending of community credit or as a result of any work by the present parties all of which were fully compensated by salaries paid to them by the corporation. The husband further contends that there is no evidence to support the figure of $17,750, which the court determined to be due the wife because of such enhancement. We agree. Any enhancement to the stock as a result of signing the note occurred five years earlier. And whether any enhancement occurred as a result of the value of the husband's services as a mechanic and manager or the wife's services as a waitress above and beyond the salaries they received is a matter of pure speculation under this record. Consequently, the stock, which was the husband's separate property on April 1, 1976, when given to him by his parents, remained entirely his separate property in 1978 at the time of the divorce. The $17,750 "judgment lien" awarded to the wife is without any evidentiary support.

The wife attempts to justify the $17,750 "judgment lien" on the theory that even if the stock should be considered separate property, the judge had discretion, under section 3.63 of the Texas Family Code, to impose this obligation on the stock in order to make a division of the estate "in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." To support this contention, she cites the opinion of this court in *Muns v. Muns*, 567 S.W.2d 563, 566 (Tex.Civ.App.—Dallas 1978, no writ) and the more recent opinion of *Crowell v. Crowell*, 578 S.W.2d 562, 564–65 (Tex.Civ.App.—Fort Worth 1979, no writ). These authorities, she argues, stand for the rule that it is immaterial how the trial court characterizes the property, so long as the division is fair and equitable under the circumstances. In this case the circumstances relied on to support the decree are the parties' assistance to the corporate enterprise by signing the corporation note in 1971 and their services to the corporation over the years as salaried employees, when they might have engaged in some enterprise on their own if they had not expected to be among those ultimately benefitted by the success of the corporate business. The wife insists that for the court to leave her almost wholly without assets after twenty years of marriage while permitting the husband to enjoy the benefits they both anticipated, would be so unfair as to justify this relatively modest charge on the husband's separate property.

■ This argument has a strong appeal, but we conclude that it cannot avail to support the judgment here. It was not advanced in the trial court. Neither did the judge find, as in *Muns*, that the estate of the parties was divided in a manner that was just and right, without regard to whether the property so divided was community or separate. We doubt that such a finding can be implied in view of the specific formula used to determine the $17,750 charge. That formula has no basis in the evidence and cannot be supported on any rational theory. What decree the judge

might have issued if he had approached the problem under section 3.63 is a matter of speculation. We cannot properly review the case here on a theory not presented in the trial court. *Safety Casualty Co. v. Wright*, 138 Tex. 492, 160 S.W.2d 238, 245 (1942); *Rutherford v. Clark*, 546 S.W.2d 932 (Tex.Civ.App.—Tyler 1977, writ ref'd n. r. e.). Consequently, we have no alternative but to reverse.

### The Judgment

The husband prays that the divorce decree be reversed and that judgment be rendered in his favor with respect to the "judgment lien" of $17,750. Alternatively, he prays that the cause be remanded for a new trial on the sole issue of whether the wife has any community interest in the stock in question, and, if so, the extent of such interest. Although we agree that the decree must be reversed in this respect, we cannot simply modify the decree by striking this provision because to do so would be to make a new division of the estate of the parties, a matter within the discretion of the trial court. *McKnight v. McKnight*, 543 S.W.2d 863, 868 (Tex.1976). Since we hold that the wife has no community interest in the stock in question, the court would have discretion to make a different division of the other property of the parties, including the home, the insurance, and the profit-sharing plan, and could possibly impose a charge on the husband's separate property if the circumstances established on another trial bring that property within section 3.63 of the Code, as interpreted in *Muns*. In that connection, the actual market value of the home and of the stock, as distinguished from cost of book value, may be relevant. Accordingly, the decree of divorce is reversed insofar as the property division is concerned and the cause is remanded for a new trial. The decree is undisturbed with respect to its provisions for divorce, custody and child support.

Costs are taxed against the wife, except for the transcript, which contains numerous papers requested by the husband that are not pertinent to this appeal. We shall not undertake to examine each of these papers to determine what portion of the transcript is properly taxable. Consequently, the entire cost of the transcript is taxed against the husband.

Reversed and remanded.