**AFFIRMED in part; REVERSE and REMAND in part; and Opinion Filed July 29, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-01214-CV**

**LORIANNE JENAE WOLF, Appellant**
**V.**
**JOHN ROBERT NYGARD, Appellee**

**On Appeal from the 439th Judicial District Court**
**Rockwall County, Texas**
**Trial Court Cause No. 1-16-0756**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Carlyle
Opinion by Justice Reichek

In this appeal from a final decree of divorce, Lorianne Jenae Wolf challenges the trial court's reimbursement award of $204,896.64 to her former husband, John Robert Nygard. Wolf additionally challenges the trial court's failure to make a disproportionate division of the community estate based on the disparity in the parties' attorney's fees. Because we conclude Nygard failed to prove his entitlement to reimbursement by clear and convincing evidence, we reverse the trial court's $204,896.64 award and remand the cause to the trial court to re-evaluate its just and right division of the marital estate.

In her first issue, Wolf contends the evidence is insufficient to support the trial court's reimbursement award to Nygard. Nygard's request for reimbursement was based on his purported use of separate property funds as a down payment to purchase the marital residence.

Under Texas law, property possessed by either spouse during or upon dissolution of marriage is presumed to be community property. TEX. FAM. CODE ANN. § 3.003(a). As the party seeking reimbursement, Nygard had the burden to prove, by clear and convincing evidence, that funds from his separate estate were used to benefit and enhance the community estate. *See In re B.H.W.*, No. 05-15-00841-CV, 2017 WL 2492612, at *7 (Tex. App.—Dallas June 9, 2017, pet. denied) (mem. op.). When a party seeks reimbursement from the community estate, he must clearly trace the original separate property into a particular asset on hand during marriage. *Id*. As a general rule, mere testimony that property was purchased with separate funds, without any tracing of the funds, is insufficient to rebut the community property presumption. *Sink v. Sink*, 364 S.W.3d 340, 345 (Tex. App.—Dallas 2012, no pet.). The burden of tracing is a difficult, but not impossible, burden to sustain. *Id*. at 344.

In this case, Nygard sought reimbursement for two cashier's checks totaling $204,896.64 that were used as a down payment on a house he and Wolf purchased during their marriage. Nygard claimed the funds for the two checks came from the sale of a house he owned before he married Wolf and an inheritance from his

mother's estate. According to Nygard, he received $102,368.15 from the sale of his separately owned house and $115,696.68 in inherited funds.

One of the checks used as a down payment on the marital residence was a cashier's check issued by Valley Bank and Trust Co. in the amount of $110,051.39. This amount was the exact balance of funds in Wolf and Nygard's joint savings account at Valley Bank shortly before the check was issued. The evidence admitted at trial shows the joint savings account at Valley Bank was opened less than a year earlier with a cashier's check issued by Central Bank & Trust in the amount of $86,606.42. Although statements from Central Bank show that Nygard opened a savings account there with a deposit of $102,368.15, the amount he received from the sale of his separate house, the record also shows that Wolf and Nygard had a joint checking account at Central Bank into which paychecks were deposited. The statements from both the savings and checking accounts at Central Bank are incomplete, and there is no documentation to show the balances in either account at the time Central Bank issued the cashier's check used to open the savings account at Valley Bank. Accordingly, there is no way to determine what funds, if any, in the Valley Bank savings account came from Nygard's sale of his separate property house.

Furthermore, statements from Valley Bank and Trust show that, after the joint savings account was opened with the Central Bank cashier's check, there was a $10,000 withdrawal, followed several months later by a deposit of $32,996.90. This

deposit, along with accrued interest, resulted in the $110,051.39 balance used for the down payment on the marital residence. There is no record showing the source of the $32,996.90 deposit, so we must presume it was community funds. *See* TEX. FAM. CODE ANN. § 3.003(a). When separate property and community property have become so commingled as to defy resegregation and identification, the property is presumed to be community property. *Beal Bank v. Gilbert*, 417 S.W.3d 704, 710 (Tex. App.—Dallas 2013, no pet.).

As for the $115,696.68 Nygard asserted he received from his mother's estate, there is little evidence in the record to show his receipt of the alleged funds, and no evidence to show what he did with the money after he received it. The only documentary evidence regarding the largest of the claimed distributions from Nygard's mother's estate was a handwritten note on a bank statement, "[$]325,248.70 ÷ 5 = $65,049.74 Amount sent to each sibling." The trial judge ruled the handwritten note inadmissible and stated he would not consider it. Additionally, Nygard produced no evidence that he deposited any of the claimed inherited funds in an account associated with the purchase of the house, or any other account.

The second cashier's check used for the down payment on the marital residence was issued by Great Western Bank in the amount of $94,845.25. The record contains no statements from Great Western for the account from which the money was drawn. Wolf testified the Great Western cashier's check was drawn from an account that was jointly owned and used by the parties as a "joint operating

account." She further testified the money used to open the Great Western account was community funds and, while the account was open, they both made deposits and withdrawals. Nygard conceded at trial that the Great Western cashier's check was drawn from a joint account. When asked whether community money was put into the account, Nygard responded, "I don't remember."

After reviewing the record, we conclude Nygard failed to prove by clear and convincing evidence that he was entitled to reimbursement in the amount of $204,896.64. We sustain Wolf's first issue.

Although Wolf asks this Court to render judgment that Nygard take nothing by his reimbursement claim, "once reversible error affecting the 'just and right' division of the community estate is found, the court of appeals must remand the entire community estate for a new division." *Jacobs v. Jacobs*, 687 S.W.2d 731, 733 (Tex. 1985).[1] Even where a reimbursement claim can be identified in the trial court's property division, we cannot simply modify the decree by striking the reimbursement award, "because to do so would be to make a new division of the estate of the parties, a matter within the discretion of the trial court." *Id*. (quoting *Faulkner v. Faulkner*, 582 S.W.2d 639, 642 (Tex. Civ. App – Dallas 1979, no writ)). The amount of $204,896.64 is not a de minimis amount in the context of the

---

[1] Wolf cites this Court's opinion in *In re M.S.C.*, No. 05-14-01581-CV, 2016 WL 929218 (Tex. App.— Dallas Mar. 11, 2016, no pet.) (mem. op.), for the proposition that we can render judgment in her favor. *In re M.S.C.* did not address the trial court's division of the community estate, but rather alleged failures by the parties to make payments owed under an agreed divorce decree. Accordingly, *In re M.S.C.* is inapplicable.

community estate.  Accordingly, the proper disposition is to remand the entire community estate for a new property division in light of our holding.  *Id.*; *Attaguile v. Attaguile*, 584 S.W.3d 163, 176-77 (Tex. App.—El Paso 2018, no pet.).

In her second issue, Wolf contends the trial court abused its discretion by failing to make a disproportionate division of the community estate based on the disparity in the parties' attorney's fees.  We decline to address this issue, because we have already found reversible error in the division of the community estate.  *See Touponse v. Touponse*, No. 02-20-00285-CV, 2021 WL 2753504, at *5 (Tex. App.—Fort Worth July 1, 2021, no pet. h.) (mem. op.).  Since the error could affect whether the trial court deems the remaining awards to be just and right, we leave the attorney's fees issue to the trial court's consideration in its new division on remand.  *Id.*; *Finn v. Finn*, 658 S.W.2d 735, 749 (Tex. App.—Dallas 1983, writ ref'd n.r.e.) (attorney's fees left for reconsideration by trial court in making just and right division of property on remand).

Based on the foregoing, we reverse the divorce decree with respect to the property division and affirm in all other respects.  The cause is remanded to the trial court for further proceedings consistent with this opinion.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

191214F.P05

–6–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

LORIANNE JENAE WOLF,
Appellant

No. 05-19-01214-CV    V.

JOHN ROBERT NYGARD,
Appellee

On Appeal from the 439th Judicial
District Court, Rockwall County,
Texas
Trial Court Cause No. 1-16-0756.
Opinion delivered by Justice
Reichek. Justices Schenck and
Carlyle participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment dividing the community estate. In all other respects, the trial court's judgment is **AFFIRMED**. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant LORIANNE JENAE WOLF recover her costs of this appeal from appellee JOHN ROBERT NYGARD.

Judgment entered July 29, 2021