**Roy Livingston JACOBS, Jr., Petitioner,**

v.

**Ellen English JACOBS, Respondent.**

**No. C–2977.**

Supreme Court of Texas.

April 3, 1985.

Crady & Peden, Douglas S. Johnston, Houston, for petitioner.

Burta Rhoads Raborn and Martha Bourne, Houston, for respondent.

RAY, Justice.

This is a divorce case in which only the property division is challenged on appeal. The court of appeals, after finding that the trial court had erred in determining what was properly a part of the community estate, reversed and rendered judgment as to part of the property division; reversed and remanded as to another part; and affirmed the trial court's judgment as to the remainder. 669 S.W.2d 759. We reverse that part of the court of appeals judgment which limits the remand to specific properties, substitute therefor a remand of the entire community estate for a new division and affirm the remainder of

the judgment. We hold that a court of appeals must remand the entire community estate for a new division when it finds reversible error which materially affects the trial court's "just and right" division of the property.

The trial court found the value of the community estate to be between $1,300,000 and $1,500,000. About one-half of this value was attributable to reimbursement claims. The trial court found the community estate entitled to reimbursement for the time, toil and effort expended by husband on behalf of his separate property corporation, for certain community expenditures which benefited husband's separate estate and for certain income earned by husband, but diverted from the community estate to third parties.

Husband appealed the property division contending that the trial court had erred in awarding reimbursement to the community estate, had mischaracterized certain property and had erred in awarding wife her attorney's fees upon appeal. The court of appeals held that the trial court had erred in the following respects: (1) by awarding reimbursement to the community estate for the time, toil and effort of husband on behalf of his separate property corporation, (2) by awarding reimbursement to the community estate for income allegedly due husband, but diverted by him to third parties, (3) by characterizing as wholly community property certain properties in which husband had a separate property interest, (4) by characterizing as wife's separate property certain properties belonging to the community estate, and (5) by awarding wife her attorney's fees on appeal regardless of outcome.

Regarding the two reimbursement claims enumerated above, the court of appeals rendered judgment holding there was no evidence to support the first claim and no pleadings to support the second. The court of appeals also rendered judgment vacating wife's claim for attorney's fees on appeal. Regarding the mischaracterized property, the court of appeals remanded that part of the cause that affected the properties for a new division. The remainder of the property division was affirmed.

Both parties have filed applications for writ of error alleging conflicts jurisdiction. Tex.Rev.Civ.Stat.Ann. art. 1728, subd. 2 (Vernon Supp.1985). Only husband's allegation of conflict with *Faulkner v. Faulkner*, 582 S.W.2d 639 (Tex.Civ.App.—Dallas 1979, no writ) is sufficient to invoke our jurisdiction over this case of divorce. We have dismissed wife's application for want of jurisdiction. *See Oil Field Haulers Ass'n v. Railroad Comm'n*, 381 S.W.2d 183 (Tex.1964).

Under a single point of error, husband argues that the court of appeals has erred in failing to remand the entire property division to the trial court for a new division. Husband contends that the court of appeals' piecemeal editing of the property division made by the trial court is contrary to *McKnight v. McKnight*, 543 S.W.2d 863 (Tex.1976). We agree.

In *McKnight*, the appellate court found the trial court had abused its discretion in how it divided the community estate and rendered a new division of the property. In reversing this judgment and remanding to the trial court, we held that an appellate court could not substitute its discretion for that of the trial court because a "just and right" division of the community estate was a matter lying solely within the discretion of the trial court. *McKnight v. McKnight*, 543 S.W.2d at 867.

In the present case, the court of appeals modified the trial court's property division by rendering judgment on the two reimbursement claims while limiting its remand to specific properties found to have been mischaracterized. *McKnight*, however, dictates a remand to the trial court of the entire community property division for a new division. Although the court of appeals appears to recognize in its opinion that the reimbursement claims materially influenced the property division, the court simply attempts by some unarticulated method to expunge the value of such claims from the community property division. The result, if it could be achieved,

would be to alter the trial court's plan for a "just and right" division of the community estate.

It is, however, probably impossible to excise the reimbursement claims from the community property division, absent a remand of the community property division, because such claims are not represented in the divorce decree by any specific, identifiable award of money, nor are they traceable to any specific properties. Even if the reimbursement claims could be identified in the trial court's property division, the court of appeals could not simply modify the decree by striking the reimbursement awards "because to do so would be to make a new division of the estate of the parties, a matter within the discretion of the trial court." *Faulkner v. Faulkner*, 582 S.W.2d 639, 642 (Tex.Civ.App.—Dallas 1979, no writ).

The Texas Family Code requires the trial court to "order a division of the estate of the parties in a manner that the court deems just and right, having due regard of the rights of each party ...." Tex.Fam. Code Ann. § 3.63 (Vernon Supp.1985). The trial court has wide discretion in dividing the "estate of the parties," but must confine itself to the community property; the only property subject to division under section 3.63. *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137, 139 (Tex.1977). Whether the trial court abuses its discretion in dividing the property, as in *McKnight*, or commits reversible error in defining what property is properly a part of the community estate and therefore subject to division, as in the present case, the principle to be applied is the same. Once reversible error affecting the "just and right" division of the community estate is found, the court of appeals must remand the entire community estate for a new division.

That part of the court of appeals judgment limiting remand to specific properties is reversed and the cause is remanded to the trial court for a new division of the community estate. In all other respects, the judgment of the court of appeals is affirmed.