NO. 07-03-0445-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 16, 2004

_____

IN THE MATTER OF THE MARRIAGE OF

DANIEL D. CLAYTON AND NANCY L. CLAYTON

_____

FROM THE 317TH DISTRICT COURT OF JEFFERSON COUNTY;

NO. C-172,102-A; HONORABLE LARRY THORNE, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Daniel D. Clayton, proceeding *pro se*, appeals from a divorce decree upon a non-jury trial, contending the trial court erred in making an unequal division of the property to appellee Nancy L. Clayton. By three points of error, he contends the trial court erred in (1) failing to set aside the property division as sought by both parties, (2) entry of

the federal civil service retirement system order, and (3) entry of the military (reserve) qualifying court order. We affirm.

Following a hearing held on March 5, 2003, on the petition for divorce, on June 27, 2003, the trial court signed a final decree of divorce.[1] By a handwritten order signed on September 9, 2003, among other things, the trial court denied a motion for new trial and all other pending motions. Also, on that same date, the trial court signed an order regarding Nancy's civil service retirement benefits and a qualifying court order regarding Daniel's military reserve retirement benefits. By his notice of appeal, Daniel indicated he was appealing the judgment signed June 27, 2003, and the order denying the motion for new trial signed September 9, 2003.

Pursuant to Rule 34.6(c)(1) of the Texas Rules of Appellate Procedure, Daniel requested preparation of a partial reporter's record of the hearing held on September 9, 2003. He specifically requested relevant portions regarding the trial court's denial of the motion for new trial and entry of disputed civil service and military retirement benefits. When a partial reporter's record is filed, an appellate court presumes that the record

---

[1]After the decree was signed, filings with the clerk included (1) petition for enforcement; (2) request for findings of fact and conclusions of law; (3) petition for enforcement by contempt; (4) second request for findings of fact and conclusions of law; (5) response to motion for sanctions; (6) first amended petition for enforcement by contempt; (7) second amended petition for enforcement; (8) response to motion to sign qualified domestic relations order; and (9) first supplemental response to second amended petition for enforcement.

constitutes the entire record for purposes of reviewing the stated points or issues.  Tex. R. App. P. 34.6(c)(4).

By his first point, Daniel contends the trial court erred in failing to set aside the property division following the September 9, 2003 hearing on his motion for new trial.  By his second and third points he contends the trial court erred in making a division of the retirement benefits for both spouses.  Because the three points of error all implicate the trial court's discretion, we will consider them simultaneously.  Daniel challenges the division of the marital property and the retirement benefits and requests that we set aside the challenged orders and remand the cause to the trial court for a hearing. We disagree.

Daniel twice requested that the trial court make findings of fact and conclusions of law; however, none were made nor filed.  Also, Daniel did not give notice of past due findings of fact and conclusions of law as required by Rule 297 of the Texas Rules of Civil Procedure.[2]

A motion for new trial is addressed to the trial court's discretion and its ruling will not be disturbed on appeal absent a showing of abuse of discretion.  Strackbein v. Prewitt, 671 S.W.2d 37, 38 (Tex. 1984).  The scant partial reporter's record filed of the hearing on the motion for new trial shows that the only witness called by Daniel, acting as his own counsel, was Nancy's counsel.  Daniel attempted to establish that the division of property

---

[2]Daniel does not present any error in the trial court's failure to make and file findings of fact and conclusions of law.

was disproportionate.  However, no new evidence or legal basis was offered in support of the motion for new trial by which Daniel sought to set aside the trial court's division of property.

Furthermore, a trial court has wide discretion in the division of marital property and that discretion will not be disturbed on appeal without a showing of clear abuse of discretion.  Jacobs. v. Jacobs, 687 S.W.2d 731, 733 (Tex. 1985); Murff v. Murff, 615 S.W.2d 696, 698 (Tex. 1981).  Indulging the presumption that the partial reporter's record constitutes the entire record for reviewing Daniel's complaints, no abuse of discretion is demonstrated in the trial court's denial of Daniel's motion for new trial nor in the court's division of the marital property and the retirement benefits.  Points of error one, two, and three are overruled.

Accordingly, the judgment of the trial court is affirmed.


Don H. Reavis
Justice