

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00133-CV

YUNDLANDER JONES                                           APPELLANT

V.

CLAUDE JONES                                              APPELLEE

----------

### FROM THE 325TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 325-507689-11

----------

## MEMORANDUM OPINION[1]

----------

In six points, pro se appellant Yundlander Jones (Wife) appeals the trial

court's divorce decree and division of the marital estate. We affirm in part and

reverse and remand in part.

In her fourth point, Wife argues that the evidence is legally and factually

insufficient to support the division of property contained in the divorce decree.

---

[1]*See* Tex. R. App. P. 47.4.

Among her arguments, she complains about the residence located at 1728 Ransom Terrace, Fort Worth, Texas (the Ransom Property).

Wife and Claude Jones (Husband) were married in 2004. Husband filed his original petition for divorce on December 7, 2011. On March 22, 2013, the trial court signed the final decree of divorce, awarding Wife, among other things, the sole right, title, and interest in the "[Husband] and [Wife's] community residence," the Ransom Property.

The record reflects that on April 16, 2008, the Ransom Property was conveyed by warranty deed to "Yundlander Jones" in consideration for "($10.00) and other good and valuable consideration." The record also reflects that on October 4, 2011, Wife sold the Ransom Property and recorded the transaction with the Tarrant County Clerk.

A trial court is charged with dividing the community estate in a "just and right" manner, considering the rights of both parties. Tex. Fam. Code Ann. § 7.001 (West 2014); *Murff v. Murff*, 615 S.W.2d 696, 698–99 (Tex. 1981). Although the trial court has wide discretion in dividing the marital estate, only community property is subject to division. *See* Tex. Fam. Code Ann. § 7.002; *Jacobs v. Jacobs*, 687 S.W.2d 731, 733 (Tex. 1985). Accordingly, we will reverse the trial court's judgment only if the record demonstrates that the trial court clearly abused its discretion and the error materially affected the just and right division of the community estate. *Jacobs*, 687 S.W.2d at 732–33; *Boyd v. Boyd*, 131 S.W.3d 605, 610 (Tex. App.—Fort Worth 2004, no pet.).

2

Here, the trial court's inclusion of the Ransom Property as a community asset after the evidence conclusively established that it had been sold before the parties' divorce distorted the value of the community estate. This error benefited Husband and materially affected the just and right division of the community estate in that Wife's portion of the community included a worthless interest in an asset belonging to a third party. *See Boyd*, 131 S.W.3d at 610. Accordingly, we conclude that the trial court abused its discretion when it included a non-community asset in its division of the estate. *See Jacobs*, 687 S.W.2d at 733. Therefore, we sustain this portion of Wife's fourth point. Because this portion of Wife's fourth point is dispositive, we do not reach the remainder of Wife's points. *See* Tex. R. App. P. 47.1. We affirm that portion of the decree granting the parties' divorce; we reverse the remainder of the trial court's judgment and remand the case to the trial court for a new trial on the division of the community estate.

PER CURIAM

PANEL: MCCOY, DAUPHINOT, and MEIER, JJ.

DELIVERED: August 21, 2014

3