**Vacate and Affirm and Opinion Filed October 31, 2022**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00125-CV

## IN THE INTEREST OF C.R.C. AND C.J.C., CHILDREN,

**On Appeal from the 302nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-15-20320**

## MEMORANDUM OPINION
Before Justices Molberg, Nowell, and Goldstein
Opinion by Justice Molberg

In this divorce case and suit affecting parent-child relationships, Father timely appealed a December 20, 2019 final decree of divorce, which the trial court later modified in an April 13, 2020 corrected final decree—ten days *after* the trial court's plenary power expired. In four issues,[1] Father complains of matters in both the final and corrected decree and argues, in essence, the trial court erred in its division of

---

[1] Father's brief lists the following issues:

1. Did the trial court err in awarding [Mother] attorney's fees at trial?
2. Did the trial court err in disregarding a $27,000.00 loan codified by a Rule 11 agreement?
3. Did the trial court err in awarding [Mother's attorney] attorney's fees as a sanction?
4. Is there factually sufficient evidence to support the judgment of the trial court?

community property (second issue) and in its decision to award attorney's fees (first and fourth issues), including by awarding $2,000 attorney's fees as sanctions (third issue), the latter of which was included only in the corrected, but not final, decree.

Under the circumstances, the corrected decree is void, and we vacate it and dismiss Father's third issue for lack of jurisdiction. Doing so leaves standing the final decree Father timely appealed, which we affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

## BACKGROUND[2]

The trial court signed the final decree on December 20, 2019, following a bench trial. Father timely appealed. No party requested any findings of fact or conclusions of law, and the trial court did not enter them.

Meanwhile, Mother timely filed a motion to modify, correct, or reform the judgment, thereby extending appeal deadlines and the trial court's plenary power. *See* TEX. R. APP. P. 26.1(a); TEX. R. CIV. P. 329b(a), (e), (g). Because no ruling was made on Mother's motion within seventy-five days after the decree was signed, Mother's motion was overruled by operation of law on March 4, 2020, and the trial court's plenary power ended on April 3, 2020, thirty days later. *See* TEX. R. CIV. P. 329b(c), (e), (g). But on April 13, 2020—ten days after the trial court's plenary power ended—the court signed the corrected decree.

---

[2] The facts are well known to the parties, and we do not recite them except as necessary "to advise the parties of the court's decision and the basic reasons for it." TEX. R. APP. P. 47.4.

## LACK OF JURISDICTION OVER APPEAL OF CORRECTED DECREE

Although neither of the parties raised any concerns regarding our jurisdiction, we did because Father challenges certain rulings in both the final and corrected decrees, the latter of which was signed after the trial court's plenary power expired. *See Stevenson v. Ford Motor Co.*, 608 S.W.3d 109, 115 (Tex. App.—Dallas 2020, no pet.) (because appellate jurisdiction is never presumed, appellate courts are obligated to review sua sponte issues affecting jurisdiction).

In light of our concern, we directed Father to file a letter brief regarding jurisdiction and allowed Mother to file a letter brief in response. Both parties filed letter briefs. Both agree we must treat Father's appeal as being from the corrected decree. *See* TEX. R. APP. P. 27.3.[3] Both also agree the corrected decree was signed after the trial court's plenary power ended. But they disagree about how and whether that impacts Father's appeal.

As to Father's appeal regarding the modifications made in the corrected decree, the parties appear to agree the corrected decree is void and that we lack jurisdiction to consider the merits of any issues regarding it.[4] Because the trial court

---

[3] Rule 27.3 states, in part, "After an order or judgment in a civil case has been appealed, if the trial court modifies the . . . judgment . . . the appellate court must treat the appeal as from the subsequent . . . judgment and may treat actions relating to the appeal of the first . . . judgment as relating to the appeal of the subsequent . . . judgment." TEX. R. APP. P. 27.3.

[4] Father's letter brief acknowledges the corrected decree was "signed more than 105 days after the original decree" and "is not timely and should be void." It also states, in part, "[Father's] brief does address the additional modifications in the April [judgment] in part, and any sections addressing the April [judgment] should be moot. Those issues related to the April [judgment] are clearly delineated and can be ignored." Mother's letter brief states, in part, "Thus, to the extent the Court treats [Father's] appeal as being

signed the corrected decree after its plenary power expired, we agree the corrected decree is void and that we lack jurisdiction to consider the merits of any issues raised thereby.

"Judicial action taken after the court's jurisdiction over a cause has expired is a nullity"). *State ex. rel Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) (per curiam). "A judgment is void only when it is clear that the court rendering the judgment had no jurisdiction over the parties or subject matter, no jurisdiction to render judgment, or no capacity to act as a court." *Id*. at 485. In this case, the corrected decree is void because the trial court's plenary power ended before the trial court signed the corrected decree. *Id*. at 486 (declaring void an order signed after trial court's plenary power ended).

In *Freedom Communications, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012) (per curiam), the court stated, "[A]ppellate courts do not have jurisdiction to address the merits of appeals from void orders or judgments; rather, they have jurisdiction only to determine that the order or judgment underlying the appeal is void and make appropriate orders based on that determination."

Because the corrected decree is void, we do not have jurisdiction to address the merits of Father's arguments regarding the corrected decree, leaving us unable to consider Father's third issue regarding the award of $2,000 in attorney's fees as

---

taken from the corrected final decree of divorce, [Mother] agrees the Court lacks jurisdiction and should dismiss [Father's] appeal."

sanctions, an award made only in the corrected decree. Thus, we vacate the corrected decree and dismiss for lack of jurisdiction Father's third issue. *See Latty*, 907 S.W.2d at 486 (declaring void an order signed after trial court's jurisdiction expired and noting court of appeals should have dismissed the appeal of that order for lack of jurisdiction).

Our declaring the corrected decree void and vacating it leaves intact the final decree. *See Latty*, 907 S.W.2d at 486 (after declaring void the order appealed from because it was signed after trial court's plenary power expired, court stated, "This leaves intact as the final order in this case the prior order establishing Owens' paternity and setting child support.").

The parties disagree about whether the circumstances require us to dismiss Father's appeal for lack of jurisdiction in its entirety, as Mother argues, or allow us to consider the merits of Father's appeal as to the final decree, as Father argues.

Mother's approach would effectively leave Father without any way to challenge the decree left intact by our decision, through no fault of his own, and despite his timely appeal.[5]  We reject Mother's position, as it guts "the well-established principle that 'a court of appeals has jurisdiction over any appeal in which the appellant files an instrument in a bona fide attempt to invoke the appellate

---

[5] Notably, and unlike the appellee in *Latty*, Father timely appealed the order left intact by our decision. *See Latty*, 907 S.W.2d at 486 (noting Owens had not timely appealed and stating his only means of challenging the order that was left intact by the court's decision was a bill of review).

–5–

court's jurisdiction.'" *Chen v. Razberi Technologies, Inc.*, 645 S.W.3d 773, 782 (Tex. 2022) (quoting *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997)).

While Texas Rule of Appellate Procedure 27.3 certainly mandates that we treat Father's appeal as from the corrected judgment, *see* TEX. R. APP. P. 27.3, we do not read the rule as prohibiting our consideration of the merits of Father's issues regarding the final decree left intact by our conclusion that the corrected decree is void. Although the court did so under different circumstances,[6] the Texas Supreme Court stated long ago that the rule's precursor "should not be read to defeat the right to appeal except when such a construction is absolutely necessary." *Fredonia State Bank*, 881 S.W.2d at 282 (referring to prior rule 58, a precursor to rule 27).

Because Father timely appealed the final decree, we conclude we have jurisdiction to consider his appeal of that decree. *See* TEX. R. APP. P. 25.1(b) ("The filing of a notice of appeal by any party invokes the appellate court's jurisdiction over all parties to the trial court's judgment or order appealed from."); TEX. R. APP. P. 26.1 (deadline for filing notice of appeal, which was met here).

## MERITS OF APPEAL AS TO FINAL DECREE

We thus turn to the merits of the issues Father appeals as to the final decree. In his first, second, and fourth issues, Father makes two main arguments, asserting

---

[6] In *Fredonia State Bank v. General Am. Life Ins.*, 881 S.W.2d 279, 282 (Tex. 1994), the court held "that a motion for new trial overruled by operation of law, which complains of error brought forward in a subsequent judgment, preserves the complaints to the extent applicable to the subsequent judgment."

–6–

the trial court erred in (1) its handling of a $27,000 loan in dividing community property, and (2) awarding attorney's fees.

### *Division of Community Property*

As to the division of community property, Father argues the trial court erred in "disregarding a documented loan in its allocation of property" and asks that we award him $27,000 for the loan's value. The final decree states:

*Property to Respondent*

IT IS ORDERED AND DECREED that [Father] is awarded the following as [his] sole and separate property . . . :

. . . .

R-4. The membership at Lakewood Country Club, membership #5302 [As payment of the $27,000 offset due to [Father] from [Mother], which offset amount shall be deemed paid in full by [Mother], for which [Mother] shall be divested of all right, title, interest, and claim in and to the Lakewood Country Club, membership #5302, and the membership shall thereafter be deemed [Father's] sole property. This $27,000 offset is part of the division of the community property and shall not constitute or be interpreted to be any form of spousal support, alimony, or child support; such offset is based on the Rule 11 of June 26, 2018 ($12,000), and the Court Order of October 23, 2018 ($15,000)].

Father complains the trial court "disregarded the loan, effectively cancelling it by cross-referencing an amount attributable to one of the estate's assets despite no evidence establishing the cross[-]referenced value" and "effectively decided arbitrarily to both cancel the terms of the loan . . . and created an arbitrary value with no supporting evidence despite [Father] testifying that the redemption value of Lakewood Country Club is $7,000.00." Father argues the court's decision was

–7–

arbitrary and unreasonable and counter to standards set forth in *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990), a case addressing a child support award, not a division of community property, and thus not applicable here. In contrast, Mother argues Father failed to demonstrate the property division was manifestly unjust and that even if the trial court erred with regard to the loan, a remand for a new division of the entire community estate is the proper remedy, not an award by this Court.

In a divorce decree, the trial court "shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." TEX. FAM. CODE § 7.001 (general rule of property division). In *Taylor v. Taylor*, No. 05-20-01088-CV, 2022 WL 3097811, at \*3 (Tex. App.—Dallas Aug. 4, 2022, no pet. h.), we cited that general rule and our sister court's decision in *Mandell v. Mandell*, 310 S.W.3d 531, 538 (Tex. App.—Ft. Worth 2010, pet. denied) as sources for the appropriate standards we are to apply in our review. *Mandell* states, in part:

> Trial courts are afforded wide discretion in dividing marital property upon divorce; therefore, a trial court's property division may not be disturbed on appeal unless the complaining party demonstrates from evidence in the record that the division was so unjust and unfair as to constitute an abuse of discretion. *Jacobs v. Jacobs*, 687 S.W.2d 731, 733 (Tex. 1985); *Boyd*, 131 S.W.3d at 610.
>
> To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). We must indulge every reasonable presumption in favor of the trial court's proper exercise of discretion in

dividing marital property. *Boyd*, 131 S.W.3d at 610. Accordingly, we will reverse only if the record demonstrates that the trial court clearly abused its discretion, and the error materially affected the just and right division of the community estate. *Id.*

As was the case in *Taylor*, 2022 WL 3097811, at *3, on the record before us, and indulging, as we must, every reasonable presumption in favor of the trial court's proper exercise of discretion in dividing marital property, we can discern no clear abuse of discretion in the court's property division or that any error materially affected the just and right division of the community estate. We overrule Father's second issue with regard to the property division in the final decree.

### *Attorney's Fees*

In his first and fourth issues, Father challenges the trial court's award of $32,079.20 to Mother for attorney's fees, expenses and costs. The final decree states, in part:

*Attorney Fees*

The Court finds that [Mother] has incurred attorney's fees, expenses, and costs to date of trial, which were necessary as support for herself and the children the subject of this suit and [Father] has incurred attorney's fees, expenses and costs, to the date of trial, which were necessary as support for himself and the children the subject of this suit, as such:

IT IS ORDERED that to effect an equitable division of the estate of the parties and as part of the division, for services rendered in connection with community property, conservatorship and support of the children, each party shall be responsible for his or her own attorney's fees, expenses, and costs incurred as a result of the trial on the merits of this case on March 26 and March 27, 2019.

IT IS FURTHER ORDERED, having due regard for the rights of each party, and in equalization of the fees incurred to date, which is based

–9–

on the combined total of attorneys' fees as listed in [Mother's] Exhibit 36 and [Father's] Exhibit 1, at the start of the trial on the merits, good cause exists to award [Mother], as reimbursement to her Mother the sum of $32,079.20 for attorney's fees, expenses and costs. Said attorney's fees shall be paid in full by [Father] no later than the date of entry of this decree of divorce, and a judgment may issue with interest at the rate of 6 percent per year, compounded annually, from the date of entry of this decree of divorce until all such amounts have been fully paid. IT IS FURTHER ORDERED that [Father] shall make payment of all such attorney's fees and expenses in the form of cash, money order, or by certified or bank guaranteed funds on or before the date of entry of this decree of divorce. [Mother] shall be entitled to all necessary writs and processes for the enforcement and collection of this award. including the issuance of execution, which is hereby ORDERED.

Father argues the award is not supported by sufficient evidence considering the standards required by *Rohrmoos Venture v. UTSW DVA Healthcare*, LLP, 578 S.W.3d 469 (Tex. 2019). Mother disagrees and cites to the testimony of Mother's attorney and to Mother's exhibit 36, which was admitted at trial.

Mother's counsel's trial testimony regarding attorney's fees was brief. Generally, she testified she has been licensed since 1992, is board certified in family law by the Texas Board of Legal Specialization, has a reasonable hourly rate of $350 per hour, and has two assistants whose rates are $100 and $155 per hour. She offered exhibit 36, which the trial court admitted, and stated, in an apparent reference to it:

In addition, Your Honor, those are actually through the 25th. In addition to that, yesterday, my legal assistant works at $100 per hour, worked for five hours yesterday for $500. And then today, she has spent three hours, which is $300. My other legal assistant that bills a[t] $155 dollars an hour, she worked five hours yesterday for a total of $775. And she's worked three hours for today at $155 per hour. And for $465 today. Yesterday, I billed my client for 12 hours at $350 per hour for a total of $4,200. I'm estimating today's time to be eight hours, at $350 per hour for a total of $2,800.

–10–

I believe that all these charges are fair and reasonable in trying to protect [Mother's] rights and community estate as well as representing her in a custody case. I pass the witness.

Then, on cross-examination, Mother's counsel testified as follows:

[FATHER'S COUNSEL]: KBC6961 through 6971 also the summary has been redacted, right?

[MOTHER'S COUNSEL]: Yes. Yes. Apparently so.

[FATHER'S COUNSEL]: So there is no way for the Court to determine what services were provided on those days.

[MOTHER'S COUNSEL]: That's correct, unless I can give the Court an un-redacted copy.

[FATHER'S COUNSEL]: Similarly, on 596, pretty much the whole bill has been redacted except e-mails, phone calls, review, continues, telephone. All of that's been redacted.

[MOTHER'S COUNSEL]: Yes, that's correct. Anything that would disclose the attorney work product privilege would be redacted.

[FATHER'S COUNSEL]: These invoices include the $15,000 that [Father] paid you?

[MOTHER'S ATTORNEY'S COUNSEL]: Yes. That's reflected on the last page of each invoice.

[FATHER'S COUNSEL]: And you're aware that the Court ordered that $15,000 to be taken from your client's share at trial?

[MOTHER'S COUNSEL]: I'm aware of all the Court's orders in this case.

[FATHER'S COUNSEL]: I'm just asking about that one order.

[MOTHER'S COUNSEL]: The order speaks for itself.

THE COURT: Anything else?

[FATHER'S COUNSEL]: No, Your Honor.

THE COURT: Wife's 36 is admitted.

THE COURT: All right.  So, [Mother's counsel]?

[MOTHER'S COUNSEL]: I rest.

Exhibit 36 is a fifty-two page document.  The first page is a summary that includes a list of payments along with other figures, some of which are difficult to decipher.  The other pages consist of a total of eight invoices with dates on and between August 11, 2017, and March 25, 2019, which together reflect Mother's counsel and other personnel spent a total of 768.58 hours, for which Mother was billed $94,265.50 in labor and $9,683.21 in expenses.

In Texas, each party generally must pay its own attorney's fees.  *Rohrmoos*, 578 S.W.3d at 483 (Tex. 2019).  However, a trial court may award costs and reasonable attorney's fees and expenses in a suit affecting the parent-child relationship.  *See* TEX. FAM. CODE §§ 106.001, .002.  The question of whether a trial court's award of attorney's fees is reasonable and necessary is reviewed for an abuse of discretion. *See El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 761 (Tex. 2012).

A party seeking attorney's fees "bears the burden of providing sufficient evidence" of both the reasonable hours worked and a reasonable hourly rate. *Rohrmoos*, 578 S.W.3d at 498.  Sufficient evidence includes, at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services. *Id*. "General, conclusory testimony devoid of any real

substance will not support a fee award." *Id*. at 501. "Thus, a claimant seeking an award of attorney's fees must prove the attorney's reasonable hours worked and reasonable rate by presenting sufficient evidence to support the fee award sought." *Id*. at 501–02. Contemporaneous billing records are not required to prove the requested fees are reasonable and necessary, but they "are strongly encouraged to prove the reasonableness and necessity of requested fees when those elements are contested." *Id*. at 502.

Father argues Mother's evidence regarding attorney's fees was not sufficient to satisfy the *Rohrmoos* standard and characterizes her evidence as consisting solely of her counsel's testimony regarding the total amount charged to Mother. Father does not mention exhibit 36 in his brief or criticize it. Mother argues that the evidence was sufficient to support the award, particularly when the trial court only awarded Mother $32,079.20 in attorney's fees when the testimony and billing records would have supported a much higher award.

We disagree with Father's position that the evidence is insufficient to support the trial court's award. As reflected above, Father did not object to the bulk of Mother's evidence on attorney's fees, did not object to the invoices admitted, and conducted a very limited cross-examination of Mother's attorney. Although certain entries are heavily redacted—perhaps too much so—in the admitted invoices, there are entries that are not heavily redacted, or are not redacted at all, that detail the services performed, along with the dates and length of each service and the initials

and hourly rates of the persons performing them. These invoices reflect Mother's counsel and other personnel spent a total of 768.58 hours, for which Mother was billed $94,265.50 in labor and $9,683.21 in expenses.

We conclude that Mother's unchallenged evidence is sufficient under *Rohrmoos* to support her award of attorney's fees, and we overrule Father's first and fourth issues as to the final decree's award of $32,079.20 to Mother for attorney's fees, expenses and costs.

## CONCLUSION

In summary, we conclude the corrected decree is void and thus vacate it and dismiss for lack of jurisdiction Father's appeal as to the corrected decree. This leaves intact the trial court's final decree, which we affirm.

/Ken Molberg/

200125f.p05

KEN MOLBERG
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF C.R.C. AND
C.J.C., CHILDREN

No. 05-20-00125-CV

On Appeal from the 302nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-15-20320.
Opinion delivered by Justice
Molberg. Justices Nowell and
Goldstein participating.

In accordance with this Court's opinion of this date, we **VACATE** the trial court's April 13, 2020 corrected decree and **AFFIRM** the December 20, 2019 final decree.

It is **ORDERED** that appellee Mother recover her costs of this appeal from appellant Father.

Judgment entered this 31st day of October 2022.