

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00749-CV

Michael Lawrence **SHALIT**,
Appellant

v.

Robin Lynn **SHALIT**,
Appellee

From the 451st Judicial District Court, Kendall County, Texas
Trial Court No. 11-177
Honorable Kirsten Cohoon, Judge Presiding

Opinion by:    Beth Watkins, Justice

Sitting:    Rebeca C. Martinez, Chief Justice
Patricia O. Alvarez, Justice
Beth Watkins, Justice

Delivered and Filed: June 5, 2024

AFFIRMED

Appellant Michael Lawrence Shalit challenges the trial court's property division in connection with his divorce from appellee Robyn Lynn, formerly known as Robyn Lynn Shalit. We affirm.

### BACKGROUND

This is the second appeal arising out of Michael and Robyn's divorce. *See Shalit v. Shalit*, No. 04-19-00736-CV, 2022 WL 789347, at *1 (Tex. App.—San Antonio Mar. 16, 2022, pet. denied) (mem. op.). After a five-day bench trial in 2019, the trial court signed a final decree of

divorce (the 2019 decree) that divided the couple's community estate and ordered Michael to pay spousal maintenance to Robyn. *See id.* Both parties appealed the 2019 decree. *See id.* We affirmed the divorce, but reversed portions of the trial court's property division. *See id.* We first concluded the trial court erred by finding that four assets were owned by a partnership in which the community estate owned a partial interest. *See id.* at *3–4. We held the evidence conclusively established that the community estate owned 100% of: (1) a 61.23-acre tract of land; (2) a 4-acre tract of land; (3) $1,924,000 in proceeds from the sale of the 61.23-acre tract; and (4) $225,467 in interest earned on the loan of the 61.23-acre tract's sales proceeds. *See id.* Because we concluded the mischaracterization of those community assets affected the just and right division of the estate, we remanded the entire estate for a new division and a corresponding reevaluation of the spousal maintenance award. *See id.* at *3–4, *5, *15. We also concluded the trial court erred by finding that Kimberly Investment Company, LLC, was community property. *Id.* at *14–15. We issued our mandate on July 21, 2022.

During a November 8, 2022 status conference on remand, both sides represented to the trial court that they needed to exchange discovery on "the status of all the property[.]" The trial court informed the parties, however, that it did not believe the mandate from this court "require[d] a trial." The court further indicated that it did not intend to hear evidence before it signed a new decree. Between November of 2022 and April of 2023, Michael filed: certificates stating that he had served discovery on Robyn; an Advisory to the Court that included an inventory and appraisement purporting to show the then-current form and value of the parties' assets; and a brief arguing that our remand required the trial court to conduct "a new and holistic determination of a just and right division of the entire community estate[.]"

During a May 3, 2023 hearing, both the trial court and Robyn indicated they believed the parties had gathered for a brief non-evidentiary hearing to enter a new decree. In contrast, Michael

argued the trial court was required to conduct "a de novo division, a new division" because some of the assets in the community estate had changed form or ceased to exist due to various transfers, exchanges, and dispositions he made after the divorce. As support for this claim, he offered his inventory and appraisement into evidence, and his counsel described some of the post-divorce changes Michael had made to the property. Robyn objected to the inventory and appraisement, and the trial court sustained the objection.[1]

Robyn presented a proposed draft of a revised final decree. To create her proposed decree, she made redlined edits to the 2019 decree which corrected the mischaracterizations regarding the four assets we concluded were 100% community property and called for those assets to be evenly split between Michael and Robyn. The proposed decree maintained the award of spousal support to Robyn, but it included a new provision that Michael's obligation to pay spousal support would "terminate upon the transfer from [Michael] to [Robyn] [of] cash in the sum of at least Two Million Dollars . . . from the assets of the marital estate awarded pursuant to the terms of this Final Decree of Divorce Post Appeal." Robyn later filed an updated proposed decree that corrected the 2019 decree's characterization of Kimberly Investment Company, LLC. The parties appear to agree that other than these changes, Robyn's proposed decrees were substantively identical to the 2019 decree.[2]

At the conclusion of the May 3 hearing, the trial court ordered the parties to return for a "final hearing" on May 10, 2023. The trial court further ordered that each side would have 15 minutes to present argument on May 10 and that it was "not having an evidentiary hearing" that

---

[1] In a footnote in his appellate brief, Michael contends the trial court's exclusion of his written inventory and appraisement "was error given that the Court also refused to allow Michael to testify concerning material changes in the marital estate since 2019." Because Michael does not cite any authority to support this assertion, we do not consider it. TEX. R. APP. P. 38.1(i); *Robins v. Clinkenbeard*, No. 01-19-00059-CV, 2020 WL 237943, at *9 (Tex. App.— Houston [1st Dist.] Jan. 16, 2020, pet. denied) (mem. op.).

[2] The redlined draft Robyn filed on remand is the only version of the 2019 decree in the record of this appeal. However, Michael has not argued that the redlined draft improperly characterized any portions of the 2019 decree.

day. The trial court also informed the parties it would not have time to read anything they filed less than 24 hours before the hearing.

Michael filed his own proposed decree at approximately 7:00 p.m. on the evening before the May 10 hearing that was scheduled to begin at 10:00 a.m. He also filed a letter his counsel had written to the trial court. The letter informed the court that Michael intended to appear at the May 10 hearing and offer testimony to prove up his inventory and appraisement. The letter further stated, "Because the financial picture has changed significantly since the original division of the estate, evidence of the significant changes should be considered in the new division of the estate."

During the May 10 hearing, Michael's counsel again described some of the changes Michael had made to the property. The trial court did not permit Michael to testify or offer any documentary evidence as to those changes, and due to time constraints, it also did not permit him to present an oral offer of proof. However, the court told Michael he could file a written bill of exception. After hearing argument from both sides, the trial court announced it would sign Robyn's updated proposed decree as a Final Decree of Divorce Post Appeal (the 2023 decree), and it did so the same day. Michael timely filed a motion for new trial, which was overruled by operation of law.

On August 7, 2023, Michael filed a bill of exception that contained: (1) his inventory and appraisement; (2) the May 9, 2023 letter from his counsel to the trial court; (3) a proposed final decree of divorce; and (4) a transcript of the May 10, 2023 hearing. He timely filed a notice of appeal the same day.

## ANALYSIS

### Standard of Review and Applicable Law

In dividing marital property, a trial court must "order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and

any children of the marriage."[3] TEX. FAM. CODE ANN. § 7.001. "The trial court has wide discretion in dividing the 'estate of the parties,' but must confine itself to the community property[.]" *Jacobs v. Jacobs*, 687 S.W.2d 731, 733 (Tex. 1985). We must presume the trial court properly exercised its discretion in dividing marital property. *See, e.g.*, *Grossnickle v. Grossnickle*, 935 S.W.2d 830, 836 (Tex. App.—Texarkana 1996, writ denied). We may not disturb the trial court's property division on appeal "unless the complaining party demonstrates from evidence in the record that the division was so unjust and unfair as to constitute an abuse of discretion." *Boyd v. Boyd*, 131 S.W.3d 605, 610 (Tex. App.—Fort Worth 2004, no pet.); *Grossnickle*, 935 S.W.2d at 836.

### *Application*

#### *Evidence of Post-Divorce Changes to Property*

In his first and second issues, Michael argues that our remand "effectively" required "a new trial on the community property division." According to Michael, several of the properties that were divided in the 2019 decree either no longer exist or have changed form due to his post-divorce "decisions designed to protect the investments and maximize their return." Because the trial court refused to consider his evidence regarding these post-divorce changes, he argues that it failed to conduct a "meaningful reassessment" of the community estate on remand. Robyn responds that Michael was not authorized to make any post-divorce changes to the marital estate and that the trial court was not required to consider evidence of such unauthorized changes.

In support of his argument that the trial court erred by refusing to consider his evidence, Michael cites authority holding that when an appellate court reverses a trial court's property division, it must remand "the entire property division to the trial court for a new division." *Jacobs*, 687 S.W.2d at 732 (holding court of appeals erred by not remanding entire estate for new property

---

[3] Michael and Robyn did not have any minor children when they divorced. *See Shalit*, 2022 WL 789347, at *1 n.1.

division); *see also, e.g.*, *Garza v. Garza*, 217 S.W.3d 538, 549–51 (Tex. App.—San Antonio 2006, no pet.) (citing *Jacobs* and "remand[ing] the entire community estate for a just and right division based upon the correct characterization of the property"); *Cutler v. Cutler*, No. 04-15-00693-CV, 2016 WL 4444418, at *4 (Tex. App.—San Antonio Aug. 24, 2016, no pet.) (mem. op.) (same). Based on this authority, Michael argues a trial court's post-remand division "must be based on a *new* and holistic determination that the *entire* division is just and right—not a piecemeal correction of isolated characterization errors identified by an appellate court and mere adoption of a prior years-old determination of 'just and right.'" (emphasis in original).

After reviewing Michael's cited authority, we do not believe it supports this proposition. *Jacobs*, *Garza, Cutler*, and similar cases stand for the proposition that an appellate court cannot reverse a trial court's property division and render a new property division in the trial court's place. *See Jacobs*, 687 S.W.2d at 732; *Garza*, 217 S.W.3d at 549–51; *Cutler*, 2016 WL 4444418, at *4; *see also McKnight v. McKnight*, 543 S.W.2d 863, 866 (Tex. 1976) ("Courts of civil appeals in reviewing property divisions on divorce do not have the authority to render judgments dividing the property of the spouses."). While those cases clearly limit an appellate court's discretion in cases like this one, we see nothing in their analysis that requires a trial court to hear additional evidence before rendering a new just and right property division on remand from a previous appeal. We decline Michael's invitation to create such a requirement under these circumstances. *Cf. Siefkas v. Siefkas*, 902 S.W.2d 72, 80 (Tex. App.—El Paso 1995, no writ) (holding mischaracterization of property was legal error and instructing trial court "to redivide the property without conducting a new evidentiary hearing or taking any new evidence whatsoever" on remand); *LeBlanc v. LeBlanc*, 761 S.W.2d 450, 453 (Tex. App.—Corpus Christi–Edinburg 1988, writ denied) ("There is no question that disposition of the disputed property is material to the

division. However, the parties can be spared the time and expense of an additional evidentiary hearing because the only error we found is an error of law by the trial court.").

Michael also cites a case that, like this one, involved a multi-year delay between the original property division and the new division on remand. *See O'Carolan v. Hopper*, 414 S.W.3d 288, 295–96 (Tex. App.—Austin 2013, no pet.). In *O'Carolan*, the trial court held a new trial and heard additional evidence on remand before rendering a new property division. *See id.* But we see nothing in *O'Carolan*'s analysis suggesting that the trial court was *required* to hear additional evidence on remand or that it would have abused its discretion by refusing to do so. *See id.* at 311–12. And, significantly, the evidence the trial court heard on remand in *O'Carolan* was limited to the property's value at the time of the original division. *Id.* at 296, 311. The *O'Carolan* court held the trial court *did not* abuse its discretion by declining to hear "evidence and argument on the property's 2009 value before deciding to value the property as of 2000." *Id.* at 311.; *cf. also Grossnickle*, 935 S.W.2d at 843 (concluding trial court did not err by "disallowing discovery about separate property income that occurred after the divorce").

To the extent that Michael argues the trial court could not make a meaningful division on remand without hearing his evidence,[4] we disagree. The underlying premise of this argument is that the trial court was required to consider the marital estate as it purportedly existed after Michael's post-divorce transfers, exchanges, and dispositions, instead of as it existed at the time of the 2019 divorce. But it is well-established that "the better rule—and the rule generally followed in Texas—is to value the community assets as of the date of the divorce." *Grossnickle*, 935 S.W.2d

---

[4] As support for this proposition, Michael cites the Texas Supreme Court's 2017 opinion in *Kramer v. Kastleman*, 508 S.W.3d 211 (Tex. 2017). *Kramer* did not examine a post-remand division of property; instead, it considered whether a court of appeals erred by dismissing an appeal of a divorce decree under the acceptance-of-benefits doctrine. *See id.* at 217–32. In considering that issue, the supreme court noted that a remand for a new just and right division after a successful appeal *may* result in a division of the marital estate that differs from the original decree. *Id.* at 231.

at 837; *see also O'Carolan*, 414 S.W.3d at 311–12; *Michelena v. Michelena*, No. 13-16-00349-CV, 2020 WL 1303234, at \*5 (Tex. App.—Corpus Christi–Edinburg Mar. 19, 2020, pet. denied) (mem. op.); *Quijano v. Quijano*, 347 S.W.3d 345, 349 (Tex. App.—Houston [14th Dist.] 2011, no pet.). While at least one Texas court has held that a trial court may use a date other than the date of divorce to value marital assets, it also held that issue is a fact-specific question that "should be left to the discretion of the trial judge to avoid the inequities that could result by making a bright line rule." *Parker v. Parker*, 897 S.W.2d 918, 932 (Tex. App.—Fort Worth 1995, writ denied). And, as Robyn notes, the *Parker* court also concluded the trial court in that case "did not abuse [its] discretion in valuing the land as of the date of divorce," even though the property division occurred five years after the divorce. *Id.*

Here, the trial court could have reasonably determined that Michael's post-divorce changes to the property, if any, did not justify a deviation from the general rule because those changes could be appropriately addressed in a later enforcement proceeding. *See Strahan v. Strahan*, No. 01-01-00614-CV, 2003 WL 22723432, at \*2–4 (Tex. App.—Houston [1st Dist.] Nov. 20, 2003, no pet.) (mem. op.) (holding, in review of post-divorce enforcement action filed after wife sold vehicle awarded to husband in divorce decree, that trial court did not err by awarding husband monetary damages for vehicle's value). Under these circumstances, we decline to hold that the trial court behaved arbitrarily or unreasonably by considering the marital estate as it existed on the date of divorce. *See, e.g.*, *Grossnickle*, 935 S.W.2d at 837; *Parker*, 897 S.W.2d at 932.

We overrule Michael's first and second issues.

### *Reevaluation of Spousal Maintenance Award*

In his third issue, Michael argues the trial court abused its discretion by failing to reevaluate the award of spousal maintenance to Robyn. He first argues that "the new just and right division of the estate did not take place, therefore the renewed award of spousal maintenance in the decree

is also improper." He also contends the award of spousal maintenance "is unsupported by any evidence in the record." As explained above, however, Michael cites no authority holding that the trial court was required to hear additional evidence on remand. He also has not argued that the trial court could not properly consider the evidence it heard during the 2019 trial. We therefore decline to overturn the spousal maintenance award on these grounds.

Michael also argues that "the award of spousal maintenance is improper because there was no consideration of the extent of maintenance needed given the amount of money or property awarded in the decree." This assertion is contrary to the plain language of the 2023 decree. It appears that both the 2019 decree and the 2023 decree found Robyn was entitled to spousal maintenance in the same amount for the same default period of time. But, as noted above, the 2023 decree included a new provision stating that Michael's spousal maintenance obligation would "terminate upon the transfer from [Michael] to [Robyn] [of] cash in the sum of at least Two Million Dollars . . . from the assets of the marital estate awarded pursuant to the terms of this Final Decree of Divorce Post Appeal."[5] *See* TEX. FAM. CODE ANN. § 8.052 (listing non-exclusive factors to consider in awarding spousal maintenance). Because we have rejected Michael's challenges to the overall property division, we see no reversible error in a spousal maintenance award that will terminate as soon as Michael complies with that property division.

We overrule Michael's third issue.

## CONCLUSION

We affirm the 2023 decree.

Beth Watkins, Justice

---

[5] In the 2023 decree, the trial court found that the modifications ordered by this court did "not change [the trial] Court's opinion that . . . [Michael] has not transferred the assets awarded to [Robyn] to her since the entry of the decree[.]"