# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00388-CV

---

**Maria Martinez, Appellant**

**v.**

**Mario Antonio Perez Batres, Appellee**

---

### FROM THE 483RD DISTRICT COURT OF HAYS COUNTY
### NO. 23-2772, THE HONORABLE KARL HAYS, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Maria Martinez filed this restricted appeal challenging the trial court's Default Final Decree of Divorce and Order for Conservatorship and Child Support. She simultaneously attempts to pursue interlocutory appeals from untimely post-judgment motions. Confining our review to the face of the record at the time that judgment was signed, we find the division of the marital estate lacked "due regard for the rights of each party and any children of the marriage." We remand the entire community estate for a new division of the property and affirm the remainder of the judgment.

## BACKGROUND

Mario Antonio Perez Batres filed a divorce petition on October 26, 2023. His petition alleged no-fault grounds. *See* Tex. Fam. Code § 6.001. Perez Batres stated he "expects that the parties will enter into a written agreed parenting plan containing provisions for

conservatorship, possession, support of the children, modification of the parenting plan, and any variations from the standard possession order." He petitioned the court

- to find the plan in the children's best interest and to render an order in accordance with the parenting plan or incorporating it by reference, or to enter an order with the parenting plan that the court finds to be in the best interest of the children;

- to order he make payments for the support of the children, including medical and dental support, in the manner specified by the court, and to order that income be withheld from his disposable earnings;

- to order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage; and

- to confirm as his separate property all property owned or claimed by him before his marriage to Martinez, or acquired by him during the marriage by gift, devise, descent, or recovery for personal injuries, except any recovery for loss of earning capacity during the marriage.

He also sought attorney's fees and post-judgment interest. The return of service filed with the trial court reflects that the citation and petition were hand-delivered to Martinez in Hays County on January 8, 2024. Martinez's response was therefore due January 29, 2024. Martinez did not file an answer.

On February 7, 2024, Perez Batres noticed a final hearing to be held on March 1, 2024, without giving notice to Martinez. At the March 1 hearing, the trial court found that Martinez "has defaulted in both answer and appearance in this matter." Perez Batres testified.

He asked the court to appoint himself and Martinez as joint managing conservators of their two children. And he asked the court to order

- Martinez have the right to receive child support based on his wage of $26.50 an hour ($912.34 a month and a step down to $729.87 once the older child is emancipated);

- Martinez have the exclusive right to designate the primary residence of the children within Hays and contiguous counties;

- Standard possession; and

- Martinez keep the children on Medicaid and Perez Batres reimburse her at $206.70 a month with uninsured medical expenses split equally.

And he asked the court to divide the property according to his summary of the marital assets and values, admitted as an exhibit. According to his accounting, the value of the marital estate was $254,149.29, and he asked that Martinez be awarded a value of $127,220.86 and that he be awarded a value of $126,928.43.

Perez Batres offered and the trial court admitted, twelve exhibits in all—including that summary—"Perez Batres's Divorce Spreadsheet"; a valuation of the Kyle residence; the deed of the Monclova, Coahuila, Mexico residence; retirement summaries for Martinez and Perez Batres; four Kelley Blue Book Valuations of their vehicles; Martinez's Inventory and Appraisement from 2019 divorce proceedings containing a different valuation for the Kyle residence and the 2011 Chevy Silverado; a Child Support Calculation; and Hays County Tax Appraisal of a San Marcos residence Martinez co-owns. At the end of the hearing, the trial court released the admitted exhibits to Perez Batres to "hold onto."[1]

All Perez Batres's requests, save the request for attorney's fees, were granted by the trial court and are reflected in the divorce decree. The division, in part, awarded Perez Batres the Kyle residence that Martinez and the children lived in and ordered that he have the exclusive right to possess the residence to the exclusion of Martinez commencing April 1, 2024; it awarded Martinez the house in Coahuila.

---

[1] As discussed below, we abated this case to obtain the exhibits.

According to Martinez, she learned of the decree on April 16, 2024, when she visited the Hays County District Clerk's Office to find out why her son had come home from school to find a handwritten eviction notice posted to the front door.

Martinez filed this restricted appeal.

## ANALYSIS

### *Restricted Appeal Requirements*

To win a restricted appeal, the appealing party must show that: (1) she filed notice of the restricted appeal within six months after the judgment was signed; (2) she was a party to the underlying lawsuit; (3) she did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020); Tex. R. App. P. 30. The first three requirements for a restricted appeal are jurisdictional but the fourth requirement—that error be apparent on the face of the record—goes to the merits of the appeal and is not jurisdictional. *Ex parte E.H.*, 602 S.W.3d at 497. "The task of determining error on the face of the record ultimately requires an analysis of the merits of the appellant's grounds for appeal." *Id.* The face of the record, for purposes of a restricted appeal, consists of all the papers that were before the trial court when it rendered its judgment. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848–49 (Tex. 2004). Documents filed after judgment may be considered in a bill-of-review proceeding and on appeal from the denial of a bill of review, but not in a restricted appeal. *Id.* at 849. Because post-judgment motions, and any rulings on them, necessarily post-date the signing of the judgment, such rulings lie entirely

4

outside the reviewable record. *See Cox v. Cox*, 298 S.W.3d 726, 732 n.2 (Tex. App.—Austin 2009, no pet.).

Here, Martinez (1) filed notice of appeal on June 13, 2024, within six months after the March 1, 2024 judgment was signed; (2) was the respondent in the suit; and (3) did not participate—either in person or through counsel—in the hearing that resulted in the judgment nor timely file any plenary-power-extending post-judgment motions. We turn to whether Martinez has demonstrated error apparent on the face of the record as it existed when the trial court signed the judgment.

### Error on the Face of the Record

Martinez argues that the trial court reversibly erred "in ordering an unduly harsh division of the community estate that foreseeably caused her and her two minor sons to be evicted"—in part because "no evidence" supports the division. She argues that when the trial court told Perez Batres to hold onto the twelve exhibits the trial court relied on in making the division in the default proceeding, instead of making them a part of the appellate record, it effectively struck the exhibits from the record. We abated the case, and the exhibits have since been added to the appellate record. We nevertheless address Martinez's underlying and fairly-included argument that the evidence presented at the hearing was insufficient to support that the property division was just and right.

### Applicable Law and Standard of Review

"In a decree of divorce or annulment, the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." Tex. Fam. Code § 7.001. Unlike ordinary civil cases

where a no-answer default admits the petition's facts, in Texas divorce cases the petitioner must prove up material allegations, regardless of whether the respondent appeared. *In re Williams*, 646 S.W.3d 542, 545 (Tex. 2022) (per curiam); *see* Tex. Fam. Code § 6.701 ("In a suit for divorce, the petition may not be taken as confessed if the respondent does not file an answer."). Thus, a trial court's discretionary decisions are subject to evidentiary attack on sufficiency grounds in a restricted appeal even when the respondent failed to answer or appear. *In re Williams*, 646 S.W.3d at 545. When a party challenges the sufficiency of the evidence to support a discretionary decision, courts should engage in a two-pronged abuse-of-discretion inquiry: (1) did the trial court have sufficient information on which to exercise its discretion, and (2) did the trial court err in its application of discretion. *Id.* Several factors may be relevant to the determination of a "just and right" division. *Murff v. Murff*, 615 S.W.2d 696, 699 (Tex. 1981). "[T]he trial court may consider such factors as the spouses' capacities and abilities, . . . business opportunities, education, relative physical conditions, relative financial condition and obligations, disparity of ages, size of separate estates, and the nature of the property. *Id.* at 699.

The trial court has wide discretion in balancing these factors and determining the proper division. *Id.* at 698. If the trial court makes an unequal division, it must have a reasonable basis for doing so. *Id.* An appellate court should reverse the trial court's division only when the trial court abuses its discretion. *Id.* A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). If a court of appeals finds reversible error that materially affects the trial court's "just and right" division of property, then it must remand the entire community estate for a new division of the property. *Jacobs v. Jacobs*, 687 S.W.2d 731, 733 (Tex. 1985).

6

*Application*

As discussed above, Perez Batres requested and the trial court ordered that Martinez have the exclusive right to designate the primary residence of the children within Hays and contiguous counties. Martinez does not complain about that designation. But Perez Batres also requested and the trial court ordered that he be awarded the Kyle house, where Martinez and the two children lived.

> Q. There's talk—the house we're talking about located at 240 Shady Oaks, Kyle, Texas, are you requesting that the property be awarded to you as part of this divorce?
>
> A. Yes.
>
> ***
>
> Q. Okay. Now, you're asking that you be granted exclusive possession of the house beginning April 1st, 2024, correct?
>
> A. Yes.
>
> Q. Now, as we were talking yesterday and we've talked in the past, who's—where is she going to go? I mean, she's got your kids. So where do you expect her to go?
>
> A. She has another house. She has another house here in San Marcos and has [her ex] living there. [S]he can live there with my sons.

The trial court admitted Perez Batres's Exhibit 11—a Hays County Tax Appraisal District document, listing Martinez as part owner of a residence in San Marcos. That listing supports the assertion that Martinez "has another house," but it does not support his assertion that Martinez "can live there with my sons." The latter statement is conclusory and is not a basis for the division awarding the Kyle residence to Perez Batres and the Coahuila residence to Martinez. *See Tiney v. Tiney*, No. 14-25-00116-CV, 2026 WL 507652, at *2 (Tex. App.—Houston [14th Dist.] Feb. 24, 2026, no pet. h.) (mem. op.) (reversing property division in default divorce

7

decree where wife failed to provide any evidence to support request to remain in home, which would leave husband having to find other accommodations until some unspecified future time when wife decides to sell).  Without competent evidence about where, in Hays or contiguous counties, Martinez and the minor children would live or how the children's housing needs will be met, the trial court cannot have properly considered the children's rights when awarding the Kyle residence to Perez Batres and the Coahuila residence to Martinez.

Additionally, the trial court lacked sufficient evidence upon which to value the house in Coahuila.  At trial, Perez Batres offered the untranslated Spanish deed, mentioned above, and the following unsupported testimony:

Q. Now, you've listed the value of the property at $30,000.  How did you arrive at that value?

A. It's more or less—it's more or less about $30,000.

Q. Okay.

A. The minimum.  The minimum.

Q. And tell me, is it a house that's over in Mexico?

A. Yes, it's a house.

Q. And when you first purchased this lot, was it just the lot?

A. Yes.

Q. Okay.  And so did you then build a house on that?

A. Yes.

Q. And how much money do you think you spent on building that house?

A. A minimum of about $30,000.

Q. Okay. And it says that this property is located in Monclova, Coahuila. Is—do you guys have family there? Why is your house there?

A. No. It's because I have family there.

Q. And does she still have family there?

A. No. Since I've been back, yes.

Under the property-owner rule, an owner is qualified to testify to the market value of his property even if he is not an expert. *Reid Rd. Mun. Util. Dist. No. 2 v. Speedy Stop Food Stores, Ltd.*, 337 S.W.3d 846, 852–53 (Tex. 2011). But the valuation must be substantiated; a naked assertion of "market value" is not enough. *Natural Gas Pipeline Co. of Am. v. Justiss*, 397 S.W.3d 150, 159 (Tex. 2012). Because the trial court lacked sufficient information upon which to exercise its discretion to divide the property in a manner that is "just and right" as defined in the Family Code, we find the trial court abused its discretion. *See* Tex. Fam. Code § 7.001. We sustain Martinez's complaint about the property division.

**CONCLUSION**

Because, on the face of the record, we find reversible error that materially affects the trial court's "just and right" division of property, we remand the entire community estate for a new division of the property. *Jacobs*, 687 S.W.2d at 733. We affirm the remainder of the judgment.[2]

---

[2] Martinez's motion to abate is denied.

9

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Kelly and Ellis

Affirmed in Part; Reversed and Remanded in Part

Filed:  May 22, 2026